## Commonwealth v. Glass, et al.

(Decided November 15, 1910.)

### Appeal from Fayette Circuit Court.

Elections—Bribery of Voter—Construction of Statutes.—Subsection 15 of section 1585 Ky. St., provides that "any person or persons who shall unlawfully attempt to prevent, or prevent, another from casting his ballot, or shall attempt to intimidate any person or voter so as to prevent him from casting his ballot, shall be deemed guilty of a felony, &c.," applies to and includes all forcible interference with the voter, and any device in which the freedom of the election is destroyed, but does not include acts done with the consent of the voter. Section 1586, Ky. St., pro-

vides that "any person guilty of receiving a bribe for his vote at an election * * * shall be fined from $50 to $500, and excluded from office and suffrage." Held, it cannot be presumed that the Legislature intended that it should be a misdemeanor if a man bought a voter to vote in a certain way, but that it should be a felony if he bought him not to vote at an election.

JAMES BREATHITT, Attorney General, and THEO. B. BLAKEY, Asst. Attorney General, for appellant.

GEO. C. WEBB, GEO. S. SHANKLIN and SCOTT & HAMILTON, for appellee.

Opinion of the Court by Judge Hobson—Affirming.

Appellees were indicted for the offense of unlawfully attempting to prevent a person from casting a ballot. It was charged in the indictment that they attempted to prevent Burgess Russell from casting his ballot at the November election 1909, by buying from him his certificate of registration, paying him therefor in money the sum of $3.00, and having the certificate delivered to them for the fraudulent purpose of preventing him from voting at the election. The circuit court sustained a demurrer to the indictment, and the Commonwealth appeals.

The indictment was found under sub-section 15 of section 1585, Ky. St., which is in these words:

"Any person or persons who shall unlawfully attempt to prevent, or prevent any voter from casting his ballot, or shall attempt to, or intimidate, any person or voter so as to prevent him from casting his ballot, or who shall unlawfully interfere with the officers of election in the discharge of their duties as such, shall be deemed guilty of a felony and, upon conviction, be confined in the penitentiary for a period of years, of not less than one nor more than five years, for each offense. The fact that the person or persons so offending may be an officer or officers of the Federal Government, or of the State or any district, county, town or city thereof, or of election, shall not relieve them of the responsibility or penalty for the violation of this section."

It will be observed that the statute applies to all persons including officers of the Federal government, the State, or any district, county, city or town. It was aimed to secure freedom of elections, and to prevent all persons from interfering with the voters and preventing them from voting. It includes all forcible interference with the

voter, and any intimidation or any device by which the freedom of elections is destroyed. But it does not include acts done with the consent of the voter. The statute creates a felony, and it should not be extended by construction beyond the fair meaning of the terms used. It was primarily intended to embrace all force or intimidation preventing a voter from casting his ballot; and it does not include those things that are done voluntarily by the voter. The section is an amendment to the election law, and was not intended to embrace the bribery of the voter which was punished under the original act. Section 1586, Ky. St., provides:

"Any person guilty of receiving a bribe for his vote at an election, or for services or influence in procuring a vote or votes at an election, shall be fined from fifty to five hundred dollars, and be excluded from office and suffrage.

"1. 'Bribe' or 'bribery' means any reward, benefit or advantage, present or future, to the party influenced or intended to be influenced, or to another at his instance, or the promise of such reward, benefit or advantage.

"2. Money or other thing of value given or lent in whole or in part, to be betted on the result of the election, or the promise thereof, or a bet with another that such other will vote for a named candidate, and the gift or promise of a share in any such bet made or to be made, shall be deemed a bribe.

"3. Whoever shall receive money or other thing of value to be used for the purpose of procuring or influencing a vote or votes shall be deemed to have been bribed."

It cannot be presumed that the Legislature intended that it should be a misdemeanor if a man bought a voter to vote in a certain way but that it should be a felony if he bought him not to vote at an election. In Skain v. Milward, 127 S. W. 773, we said:

"Under the statute the voter cannot vote unless he presents to the election officers his certificate of registration. To buy the certificate in order to prevent him from voting is to buy him not to vote. To buy a man not to vote is no less bribery under section 1596a, subsec. 12, than to buy him to vote in a certain way. The voter should be left entirely free in his right of suffrage, and any influence of this right by the payment of money or other thing of value is under this statute bribery of the voter."

The same reasons require us to hold that to buy an election certificate is bribery under section 1586, Ky. St. The person who sells his certificate sells his vote at the election; for he cannot vote without the certificate. To buy him not to vote is to buy his vote. There is no difference in the eye of the statute between the person who for money votes for a certain candidate, and the person who for money refrains from voting. The only practical difference between buying a vote to be cast for a certain ticket, and buying a vote not to be cast at the election, is that the latter is a safer way of investing the money under our ballot system of voting where the voter belongs to the adverse party. The purpose of the statute is to prohibit the use of money in influencing elections, and to this end it provides that whoever shall receive money to be used for the purpose of influencing a voter shall be deemed to have been bribed. The person who takes money to buy registration certificates takes it for the purpose of influencing voters, and is bribed within the meaning of the statute. The person whom he buys with the money is equally bribed. Section 1591, Ky. St., provides:

"This chapter shall be liberally construed so as to prevent any evasion of its prohibitions and penalties by shift or device."

If, under the statute, voters might with impunity be bought not to vote, then its whole purpose to prevent the corruption of elections with money might be frustrated.

We, therefore, conclude that while the defendants may be indicted for bribery under section 1586, Ky. St., they cannot be punished for the offense of preventing a voter from casting his ballot under sub-section 15, section 1585, Ky. St. The court properly sustained the demurrer to the indictment.

Judgment affirmed.